UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **24-cr-20463-ALTMAN/LETT(s)**
18 U.S.C. § 1201(a)(1)
18 U.S.C. § 981(a)(1)(C)

**UNITED STATES OF AMERICA**

vs.

**GUSTAVO ALFONSO CASTANO RESTREPO,**

  **Defendant.**
_____/

FILED BY __BM__ D.C.

Jul 10, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Kidnapping Resulting in Death
### (18 U.S.C. § 1201(a)(1))

On or about May 30, 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GUSTAVO ALFONSO CASTANO RESTREPO,**

did willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold a person, that is, Liliana Moreno, for reward and otherwise, and did use a means, facility, and instrumentality of interstate commerce, that is, a cellular telephone, the internet, a motor vehicle, and the Homestead Extension of Florida's Turnpike, in the commission and in furtherance of the commission of this offense, resulting in the death of any person, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

It is further alleged that the commission of the aforesaid kidnapping resulted in the death of Liliana Moreno.

It is further alleged that the commission of the aforesaid kidnapping resulted in the death of Daniella Moreno.

## NOTICE OF SPECIAL FINDINGS

1. The allegations of Count 1 of this Superseding Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

2. As to Count 1 of this Superseding Indictment the Grand Jury further alleges that the defendant, **GUSTAVO ALFONSO CASTANO RESTREPO**:

   a. was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

   b. intentionally killed Liliana Moreno (18 U.S.C. § 3591(a)(2)(A));

   c. intentionally killed Daniella Moreno (18 U.S.C. § 3591(a)(2)(A));

   d. intentionally inflicted serious bodily injury that resulted in the death of Liliana Moreno (18 U.S.C. § 3591(a)(2)(B));

   e. intentionally inflicted serious bodily injury that resulted in the death of Daniella Moreno (18 U.S.C. § 3591(a)(2)(B));

   f. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Liliana Moreno died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

   g. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Daniella Moreno died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    h. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Liliana Moreno died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

    i. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Daniella Moreno died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

    j. committed the offense as consideration for the receipt, and in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8)).

    k. committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

    l. intentionally killed more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

3. As to Count 1 of this Superseding Indictment the Grand Jury further alleges that:

    a. The death, and injury resulting in the death, of Liliana Moreno occurred during the commission and attempted commission of, and during the immediate flight from the commission of an offense under 18 U.S.C. § 1201(a)(1) (kidnapping) (18 U.S.C. § 3592(c)(1));

    b. The death and injury resulting in the death of Daniella Moreno occurred during the commission and attempted commission of, and during the immediate flight

from the commission of an offense under 18 U.S.C. § 1201(a)(1) (kidnapping) (18 U.S.C. § 3592(c)(1));

c. The victim, Daniella Moreno, was particularly vulnerable due to youth (18 U.S.C. § 3592(c)(11)).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **GUSTAVO ALFONSO CASTANO RESTREPO**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1201, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
DWAYNE EDWARD WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

GUSTAVO ALFONSO CASTANO RESTREPO,

                          Defendant.

CASE NO.: 24-cr-20463-ALTMAN/LETT(s)

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants 0
Total number of new counts 0

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL    ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take 15 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    ☐ 0 to 5 days
   II   ☐ 6 to 10 days
   III  ☒ 11 to 20 days
   IV   ☐ 21 to 60 days
   V    ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Altman   Case No. 24-cr-20463-Altman/Lett
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of October 28, 2024
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) Yes
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
DWAYNE E. WILLIAMS
Assistant United States Attorney
FL Bar No.   0125199

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>GUSTAVO ALFONSO CASTANO RESTREPO</u>

**Case No**:  <u>24-cr-20463-ALTMAN/LETT(s)</u>

Count #: 1

<u>Kidnapping Resulting in Death</u>

<u>Title 18, United States Code, Sections 1201(a)(1), and 2</u>

| | |
|---|---|
| * **Max. Penalty:** | Death |
| * **Mandatory Min. Term of Imprisonment (if applicable):** | Life |
| * **Maximum Term of Supervised Release (if applicable):** | N/A |
| * **Maximum Fine:** | $250,000 |

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**