UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-20463 CR Altman

UNITED STATES OF AMERICA,
    Plaintiff

vs.

GUSTAVO ALFONSO CASTANO RESTREPO
    Defendant.
_____/

**SECOND NOTICE OF SUPPLEMENTAL AUTHORITY ON PENDING MOTION TO STRIKE NOTICE OF INTENT TO SEEK DEATH PENALTY**

Defendant, GUSTAVO ALFONSO CASTANO RESTREPO, through undersigned counsel, and with permission of the Court [DE 74] files this second notice of supplemental authority to advise the Court of the following recent orders in three relevant cases regarding the prosecution's ability to reverse a no-seek decision in a death penalty case.

1. *United States v. Merrell No.* 3:20-CR-46-1 (GROH), 2025 U.S. Dist. LEXIS 203782, at *5-6 (N.D.W. Va. Oct. 7, 2025)

On October 7, 2025, in the only other remaining case in the Nation where a Motion to Strike a no-seek reversal has been litigated, the District Court in *United States v. Merrell* (ND WV) joined the unbroken string of District Court decisions in *United States v. Spurlock*, No. 3:23-cr-00022-MMD-CLB (D. Nev.); *United States v. Constanza*, No. 1:22-cr-00409-SAG (D. Md.); *United States v. Dangleben*, No. 3:23-cr-00072-RAM-GAT (D.V.I.); and *United States v. Cole & Smith*, No. 1:23-cr-00016-WAL-EAH (D.V.I. striking the Notice of Intent to seek death.

Although the Court deemed it unnecessary to reach the majority of Merrell's arguments because the Notice was not timely filed, it did remark upon the utter absence of "good cause". The absence of good cause is a central aspect of Mr. Castano's motion to strike now pending

1

before this Court. The lack of good cause is sufficient, standing alone, to strike the notice herein. The *Merrell* court explained that "**the Government has not demonstrated to this Court any persuasive reason to excuse its come about at the eleventh hour; this Court is not a sailboat**. Litigation of the most serious nature—where the Government desires to extinguish the life of a human being—requires the Government to faithfully satisfy its constitutional obligations. *United States v. Merrell*, Id at *5-6, emphasis added.

2. ***United States v. Ahemeid*** No. 20-cr-502 (BMC) (Oct. 20, 2025, EDNY).

Ahemeid is a no-seek reevaluation in the Eastern District of New York where the prosecution has not reached a final decision on reversing the no-seek decision. At an October 20, 2025, Status Conference, [Exhibit One: Transcript], the Court implored the government to "keep … in mind" that "lots" of cases held that the government could not reverse a no-seek announcement, and none permitted it:

> THE COURT: Okay…. Let me ask you this: Is the government aware of any case where a court has permitted it to take it back?
>
> [AUSA] WINIK: Your Honor, I haven't done any research on that, so I am not personally aware, but it is not something I have looked into.
>
> THE COURT: I have. So far I am not finding any. I am finding lots of saying no**. Just asking you to keep that in mind**. [Ex 1, p. 4].
>
> Subsequent to the status conference, the Court entered an Order on Friday, November 7,

2025, [Exhibit Two: Order] expanding its position in a footnote:

> The Government's decision to revisit its no-seek decision apparently stems from a "nationwide directive from Attorney General Pamela Bondi to review every decision not to seek the death penalty made under the prior administration." *United States v. Suarez*, No. 24-cr-0226, 2025 WL 2710094, at *1 (N.D. Cal. Sept. 23, 2025). **The Court notes, however, that every case to address the issue has stricken the subsequently filed notice of intent to seek the death penalty**. See, e.g., United States v. Constanza-Galdomez, 787 F. Supp. 3d 131, 141 (D. Md.

2025); United States v. Spurlock, 782 F.Supp.3d 987 (D.Nev. 2025); United States v. Merrell, No. 20-cr-046-1, 2025 WL 2911170 (N.D. W. Va. Oct. 7, 2025); United States v. Dangleben, 23-cr-0072, 2025 WL 2647195 (D.V.I. Sept. 15, 2025); United States v. Cole, 23-cr-0016, 2025 WL 2592515 (D.V.I. Sept. 7, 2025); Suarez, supra. (emphasis added)

[Ex 2., fn 1].

**3. *United States v. Suarez,*** No. 24-cr-0226, 2025 WL 2710094 (N.D. Cal. Sept. 23, 2025).

The *Ahemeid* Court's recognition of – and reliance upon *Suarez* underscores the legitimacy of the inclusion of *Suarez* in Defendant's initial Notice of Filing Supplemental Authority [DE 71].

In an order dated September 23, 2025, the District Court Judge made findings consistent with the arguments advanced by Castano, which are pending before this Court. Those arguments include:

1) The Estoppel argument raised by Castano; and
2) The Court found that " [P]rinciples of fairness as well as controlling Ninth Circuit precedent compel the conclusion that the Government's No-Seek Notices are irrevocable.
3) The prosecution has not shown good cause.

*Id*. at. *3.

1. Judicial Estoppel:

Castano has raised the issue of Estoppel. The District Court Judge in *Suarez* wrote, "The doctrine of judicial estoppel is intended to protect the integrity of the judicial process," by "prohibiting parties from deliberately changing positions according to the exigencies of the moment" and "playing fast and loose" with the courts." *Id., citing New Hampshire v. Maine*, 532 U.S. 742, 749–50, 121 S.Ct. 1808 (2001).

2. The Initial No-Seek Declaration is Irrevocable:

The District Court Judge in *Suarez* wrote:

> The irrevocability of the Government's twice-made decision not to seek the death penalty is confirmed by the practical implications that would follow were the Court to determine that the Government is not bound by an earlier representation that it would not seek the death penalty. Were that the case, the Government's decision to file a No-Seek Notice would in effect be rendered meaningless, leaving open the possibility for the Government to at any time reverse course and seek the death penalty. The Court and Defendants would thus be forced to continue to treat any such prosecution as a potential death penalty case. This would put the defense in the unfair position of having to determine at each step of the proceedings whether to expend significant time and resources to anticipate a potential about-face by the Government, without the procedural and substantive protections offered to criminal defendants in cases where the Government has announced its intention to seek the death penalty.

*Id.*, at *4.

3. The prosecution herein did not show good cause and thus did not comply with 18 U.S.C. § 3593, which requires a showing of good cause. This finding by the District Court in *Suarez* is precisely the same argument raised by Castano:

> Defendants also argue that any Notice to Seek Death filed in this case would violate 18 U.S.C. § 3593, which governs the Government's notice requirements when it elects to seek the death penalty in a given criminal prosecution. Mot. at 9–10. The Court agrees with Defendants. By its terms, 18 U.S.C. § 3593 does not permit the government to revisit a no-seek decision. But even if the statute covers both no-seek and death notices, the government is required to seek leave of court to do so upon a showing of good cause. *Id.* § 3593(a)(2). The Government has not provided any reason why it would now be permitted to abruptly change its position after twice notifying the Court and the parties that it does not intend to seek the death penalty. Based on the substantial reliance interests at stake here, the Government's failure to provide any reason whatsoever justifying a last-minute change would preclude it from seeking the death penalty here.

*Id.*, at *4.

Points 1 (judicial estoppel) and 3 (no showing of good cause) are independent reasons supporting Castano's motion. When read in *pari materia*, they are synergistic. Words have meanings and consequences. The prosecution herein discounts their initial no-seek

4

announcement as a ball on one side of the political net on one day, and justifies their current seek-death notice simply as the ball landing on the other side of the political net on another day. Much of the day-to-day work of district courts turns on judges and litigants accepting the word of the Department of Justice's representative so that cases can move forward. When a decision is changed, it cannot occur willy-nilly in a vacuum. The defense relied on the initial no-seek announcement on January 6, 2025, to the detriment of their client. [1]

The reference by the judge in *Suarez* to the "*exigencies of the moment*" refers to the political orders of the President on the death penalty. Politics and the death penalty do not mix in a civilized system of justice.

**WHEREFORE**, Defendant respectfully submits this Notice of Supplemental Authority.

Respectfully Submitted,

S/*Philip L. Reizenstein*
Philip L. Reizenstein, Esq.
Reizenstein And Associates
Florida Bar# 634026
2828 Coral Way
Suite 540
Miami, FL, 33145
(305) 444-0755
Phil@Reizensteinlaw.com
Service@Reizensteinlaw.com

---

[1] The court has received the defense briefing on the short amount of time the defense had to obtain mitigation and on the government's refusal to grant counsel more time to obtain and present mitigation evidence.